ZURICH INS. CO., APPELLANT, *v.* VALLEY STEEL ERECTORS, INC., ET AL., APPELLEES.

(No. 1751—Decided January 23, 1968.)

*Messrs. Pfau, Pfau & Comstock,* for appellant.
*Messrs. Battin, Downey & McKay,* for appellee Valley Steel Erectors, Inc.
*Mr. Paul R. Van Such,* for appellee Frank Vecchione.

JONES, P. J. Zurich Insurance Company, through the Totten Agency, issued a liability insurance policy on the operations of Valley Steel Erectors, Inc., the insured. On August 13, 1963, Valley Steel Erectors, Inc., was doing some construction work for the DeBartolo Company. In the process, an employee of DeBartolo was injured. A ladder, which he was using, was struck by a crane operated by an employee of Valley Steel Erectors, Inc. The Valley Steel foreman on the job was notified of the accident. It is clear from the testimony that this constituted actual notice to the management of Valley Steel Erectors, Inc. The foreman, Mr. Ezzo, testified that he telephoned the home office and reported the accident to either a secretary or the office manager. The office manager testified that he did not recall the telephone conversation with Mr. Ezzo, nor was there a record that Mr. Ezzo had reported to anyone else in the home office. Actually, this is immaterial as Mr. Ezzo was the Valley Steel Erectors, Inc., employee designated to handle the reporting of accidents. Therefore, the company was on notice of the accident (*i. e.,* Valley Steel Erectors, Inc.). *Nye* v. *Louis Ostrov Shoe Co.,* 43 N. E. 2d 103.

Attorney Van Such, lawyer for the injured employee of DeBartolo (Mr. Vecchione), wrote in December of 1963 to Valley Steel Erectors, Inc., concerning the accident that happened in August of that year. That letter, together with a forwarding letter from Attorney Battin, the lawyer for Valley Steel Erectors, Inc., was sent to Zurich Insurance Company on December 27, 1963. The facts are undis-

puted that notice to Zurich was received a little more than four months after the day of injury.

The policy in question provided as part of the conditions (Condition Number 10) that notice should be given to the company "as soon as practicable after the accident."

Zurich Insurance Company filed a declaratory judgment action requesting the Common Pleas Court to determine that Zurich Insurance Company did not extend "coverage" under the terms of the policy to Valley Steel Erectors, Inc. The trial judge considered the matter upon pleadings, testimony and exhibits. Judgment was rendered against the insurance company on the ground that the delayed notice did not prejudice Zurich Insurance Company.

The requirement of notice is of the essence of the contract. The leading Ohio case on this point is *Travelers' Ins. Co.* v. *Myers & Co.*, 62 Ohio St. 529, 49 L. R. A. 760. *Travelers' Ins. Co.* v. *Myers & Co., supra*, and *Heller* v. *Standard Accident Ins. Co.*, 118 Ohio St. 237, hold that notice is of the essence of the contract, irrespective of whether notice is required "immediately" or "as soon as practicable." The last clause of the syllabus in *Travelers' Ins. Co.* v. *Myers & Co.* made the finding concerning whether or not notice was given within time a question of law. This proposition was changed in the subsequent case of *Employers' Liability Assurance Corp.* v. *Roehm,* 99 Ohio St. 343, 7 A. L. R. 182. In the *Roehm case* the Ohio Supreme Court held:

"* * * the question whether the notice was given within time is not a matter of law, but is a question for the determination of a jury. * * *"

Two later Court of Appeals' cases held that "prejudice" to the insurer in addition to delayed notice must be shown to avoid coverage.

In *Nationwide Mutl. Ins. Co.* v. *Motorists Mutl. Ins. Co.*, 116 Ohio App. 22, paragraph two of the syllabus reads:

"The provision in a policy of automobile insurance requiring the insured to give the insurer notice of an accident 'as soon as practicable' means notice within a reason-

able time, and a 44-day delay in giving such notice, which does not prejudice the insurer in preparing its defense, is a compliance with the notice provision of the policy."

In *Keith* v. *Lutzweit; Auto Owners Ins. Co.*, 106 Ohio App. 123, paragraphs two and three of the syllabus read:

"2. Where a provision in a casualty insurance policy requires the insured to give the insurer immediate notice of an accident and the insured fails to give notice of the accident but does give the insurer notice of receiving a summons in a suit against him as the result of the accident, such notice of summons is given within a reasonable time and in compliance with the requirement of immediate notice, unless the delay in giving notice prejudiced the insurer.

"3. In such case, the insurer is not prejudiced by the insured's delay in giving it notice of the accident, where such notice was received well in advance of answer day, it had ample time to make a defense in the action and it was not handicapped in any way by the delay."

This same proposition was followed in the California District Court of Appeals case of *Security Ins. Co.* v. *Snyder-Lynch Motors, Inc.*, 183 Cal. App. 2d 574, 7 Cal. Rep. 28, wherein the third and fourth paragraphs of the syllabus read as follows:

"3. Failure to give the required notice of loss under an insurance policy, though designated as a condition of the policy, is not fatal to claimant's cause of action unless the insurer has been prejudiced thereby.

"4. Prejudice to an insurer is presumed from unreasonable delay in giving the required notice of loss under the policy, and the burden rests on the claimant to show absence of prejudice."

The trial judge, in the case at bar, held the delay in this case to be slight and that no prejudice resulted.

As a reviewing court, we are faced with the usual presumption of the correctness of the judgment under review. The sifting and weighing of evidence, and the determination of facts, is the duty and function of the trier of the

facts. 3 Ohio Jurisprudence 2d 807, Appellate Review, Section 818. Generally, a judgment will not be reversed as against the weight of the evidence if it is supported by *any* competent, credible evidence which goes to all the essential elements of the case. 3 Ohio Jurisprudence 2d 817, Appellate Review, Section 820.

Some evidence was presented upon the issue of prejudice. We are unable to say, as a matter of law, that the trial court was wrong in its findings, nor can it be said that the finding is manifestly against the weight of the evidence.

We comment parenthetically that some confusion results from the trial judge's language found in the journal entry:

"* * * plaintiff's own actions had led the defendant, Valley Steel Erectors, Inc., to rely on plaintiff, Zurich Insurance Company, to defend it in the Vecchione case No. 74724."

This must refer to the language set out in Exhibit No. 2. Nevertheless, we are not bound by, nor are we influenced by, this statement that is not germane to the issues.

The judgment is affirmed for the reasons herein stated.

*Judgment affirmed.*

LYNCH and O'NEILL, JJ., concur.