WEST AMERICAN INSURANCE COMPANY, APPELLEE, v. HARDIN, EXRX., ET AL., APPELLANTS.

(No. 11112—Decided January 13, 1989.)

*Coolridge, Wall, Womsley & Lombard Co., L.P.A.,* and *Robert P. Bartlett, Jr.,* for appellee.

*Brannon, Hall & Tucker* and *Dwight D. Brannon,* for appellants.

BROGAN, J. Karen Hardin, individually and as parent and guardian of Ginger Hardin, a minor, appeals from the grant of summary judgment to West American Insurance Company by the Common Pleas Court of Montgomery County.

On February 27, 1987, West American filed a complaint seeking a declaratory judgment which would declare its rights and those of the defendants in a certain family automobile insurance policy issued to Thomas Hardin. The policy provided:

"Notice. In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, *shall be given by or for the insured to the company or any of its authorized agents as soon as practicable.* In the event of theft, the insured shall also promptly notify the police. If claim is made or suit is brought against the insured, he shall immediately forward to the company every demand, notice, summons or other process received by him or his representative." (Emphasis added.)

West American contended in its complaint that on or about December 9, 1986, it was first notified of a potential claim under its policy issued to Thomas Hardin. The company was informed that Thomas Hardin may have operated a motor vehicle which caused personal injury to his daughter, Ginger (then age two), on May 29, 1978 and that a claim may be advanced against plaintiff's insured on behalf of the child. Plaintiff also averred that it had

been informed that its insured died on August 26, 1986.

Plaintiff contended that because of the lapse of eight years from the date of the alleged accident, the death of the insured, and the resulting prejudice to the insurance company, it should be relieved of any obligations under the policy because of the breach of the notice provisions of the policy.

The defendants answered the complaint and also filed a counterclaim against West American. Karen Hardin individually and as parent and guardian of Ginger Hardin contended that Thomas Hardin on May 29, 1978 negligently struck his daughter, Ginger, with his automobile while the child was playing in the garage area of their home. As a result, Karen Hardin contended, Ginger suffered a severe laceration on her head requiring three surgical procedures to repair.

Karen Hardin alleged that her daughter suffered severe emotional stress as well as permanent injury as a result of her husband's negligence. She alleged she incurred medical expenses on behalf of her daughter. She alleged she gave notice to West American on December 9, 1986 of a claim under the policy issued to Thomas Hardin and that West American wrongfully denied her claim for medical services under the policy provision which states:

"Part II: Expenses for medical services Division 1(C): 'To or for named insured and each relative who sustains bodily injury, sickness, or disease, including death resulting therefrom, hereinafter called "bodily injury" caused by accident (c) through being struck by an automobile or by a trailer of any type.' "

In addition to compensatory damages, Karen Hardin sought on her behalf and for her child punitive damages from West American for its "wrongful, willful, and intentional breach of contract in not allowing the claim for coverage."

In granting summary judgment for West American, the court found that the notice provided by the defendants to the plaintiff was unreasonable as a *matter of law*. The trial court noted that Karen Hardin's derivative cause of action for the loss of her daughter's services and medical expenses incurred during minority was barred by the four-year statute of limitations at R.C. 2305.09.

The court also found that Karen Hardin's cause of action in her individual capacity and as Ginger's guardian, under the medical payments coverage of the policy, was barred because the defendant did not comply with the "prerequisite notice requirements in the policy."

Since the court found the medical payments provision of the policy did not require a finding of liability in order for the insured or any family member to recover medical expenses, the court rejected the defendants' argument that the delay in giving notice was occasioned by the then-existing defense of parental immunity, which was not abolished by the Ohio Supreme Court until the case of *Kirchner* v. *Crystal* (1984), 15 Ohio St. 3d 326, 15 OBR 452, 474 N.E. 2d 275.

The court further noted that, assuming that the defendants were justified in their delay in notifying the insurance company because there was no viable claim under the liability provisions of the policy until the abolishment of parental immunity in 1984, the court could not excuse the two-year delay in giving notice which ensued after *Kirchner.*

Lastly, the court found the defendants did not demonstrate the plaintiff had not been prejudiced by their failure to timely give the notice required by the policy. The court noted that prejudice to an insurer is presumed from an unreasonable delay in giving notice under the policy and that the burden rests on the claimant to show an ab-

sence of prejudice, citing *Zurich Ins. Co.* v. *Valley Steel Erectors* (1968), 13 Ohio App. 2d 41, 42 O.O. 2d 109, 233 N.E. 2d 597.

Appellants raise two assignments of error. In the first, they contend the trial court erred in granting appellee's motion for summary judgment when a genuine issue of fact existed as to whether an unreasonable period of time had passed prior to the notice provided by Karen Hardin. In the second, they contend the trial court erred in not granting appellant's motion for summary judgment when the claim of the minor, Ginger Hardin, would not be barred until two years past her eighteenth birthday.

The purpose of a requirement of notice and proofs of loss is to allow the insurer to form an intelligent estimate of its rights and liabilities, to afford it an opportunity for investigation, and to prevent fraud and imposition upon it. *Travelers Ins. Co.* v. *Myers & Co.* (1900), 62 Ohio St. 529, 57 N.E. 458. In that case, the Ohio Supreme Court held that "immediate written notice" means "within a reasonable time under the circumstances of the case." *Id.* at paragraph four of the syllabus.

The question of whether the notice was timely given is not a matter of law, but is a question for determination by a jury. *Employers' Liability Assurance Corp.* v. *Roehm* (1919), 99 Ohio St. 343, 124 N.E. 223.

The traditional view treats proper notice as a condition precedent to coverage. An insured's unexcused delay in satisfying the notice requirement relieves the insurer of its duties to defend or indemnify, regardless of whether the delay prejudiced the insurer. The rule that is emerging in a majority of jurisdictions is that late notice relieves the insurer of its obligations under the policy only if the insurer demonstrates prejudice as a result of the delay. The latter view is that taken by this court. See *Nationwide*

*Mut. Ins. Co.* v. *Motorists Mut. Ins. Co.* (1961), 116 Ohio App. 22, 21 O.O. 2d 225, 186 N.E. 2d 208; *Keith* v. *Lutzweit* (1957), 106 Ohio App. 123, 6 O.O. 2d 396, 153 N.E. 2d 695.

In *Zurich Ins. Co.* v. *Valley Steel Erectors, supra,* the Trumbull County Court of Appeals held that the burden was upon the insured to demonstrate that the insurance company was not prejudiced by a four-month delay in providing notice under a policy requiring notice to be a given "as soon as practicable" after the accident. The court adopted the holding in *Security Ins. Co.* v. *Snyder-Lynch Motor, Inc.* (1960), 183 Cal. App. 2d 574, 7 Cal. Rptr. 28, that prejudice to the insurer is presumed from unreasonable delay in giving the required notice of loss under the policy, and the burden rests upon the claimant to show absence of prejudice. See, also, *Patrick* v. *Auto-Owners Ins. Co.* (1982), 5 Ohio App. 3d 118, 5 OBR 235, 449 N.E. 2d 790.

Appellants contend they failed to provide notice of the 1978 accident until 1986 because neither she nor her now-deceased spouse could have anticipated that he could be found liable for his negligent conduct in injuring their daughter. This explanation, however, fails to take into account that liability on behalf of the insured was not a condition precedent for coverage under the medical payments provisions of the insurance policy. Appellants failed to demonstrate in their evidentiary material that the appellee was not prejudiced by the eight-year delay in notifying the company. It was admitted that a witness to the accident, Thomas Hardin, died on August 26, 1986, and is unavailable to be interviewed by representatives of the insurance company. In a memorandum filed with the trial court, counsel represented that Ginger Hardin was left in the care of Thomas Hardin at the time of the accident. Appellant failed to present any evidentiary

material suggesting there were any other witnesses to this accident. Reasonable minds could only conclude that the appellants' delay in giving notice of the medical payments claim was not "as soon as practicable" and that the appellants failed to demonstrate that the appellee had not been prejudiced by the delay in giving timely notification as required by the policy.

Part I of the policy provides that West American will "pay on behalf of the insured all sums *which the insured shall become legally obligated to pay* as damages because of * * * bodily injury * * * arising out of the ownership * * * of the owned or any non-owned automobile."

We agree with the trial court that Karen Hardin's claim under the liability provisions of the policy due to her potential claim against the estate of Thomas Hardin for the loss of services of her daughter, Ginger, and for medical expenses incurred by her during Ginger's minority is barred by the four-year limitations period of R.C. 2305.09. *Seguin* v. *Gallo* (1985), 21 Ohio App. 3d 163, 21 OBR 174, 487 N.E. 2d 1270. Summary judgment was appropriately entered by the trial court on this claim.

Finally, Ginger Hardin, represented by her guardian, Karen Hardin, has a potential claim under the liability coverage due to a potential claim against the estate of Thomas Hardin for her personal injuries (to include lost wages and medical expenses incurred as an adult).

Appellee concedes that the appellants have produced some evidence of an excuse for their failure to report the accident during the period from May 29, 1978 until December 31, 1984 when the Supreme Court of Ohio abolished parental immunity in *Kirchner* v. *Crystal, supra.*

Appellee contends that no material issue of fact exists which would excuse the appellants' failure to notify the appellee of the accident until December 1986, the date of notification. Since the requirement for notice of an accident refers only to accidents which cause a loss under the policy, delay in giving notice is excusable in the case of an accident which furnishes no ground for the insured acting as a reasonable and prudent man to believe that a claim for damages will arise. Under such circumstances, the duty of the insured is performed if he gives notice within a reasonable time after the injury presents an aspect suggestive of a possible claim for damages. *Bennett* v. *Swift & Co.* (1959), 170 Ohio St. 168, 10 O.O. 2d 109, 163 N.E. 2d 362; see, also, American Jurisprudence 2d (1982), Section 1345.

The rule that a parent was immune from liability in a tort action instituted against the parent by a child is universally recognized as one judicially created in *Hewlett* v. *George* (1891), 68 Miss. 703, 9 So. 885, and has no common-law origin. The rule was adopted in practically all jurisdictions and represented the overwhelming weight of authority. It was adopted by the Ohio Supreme Court in 1952 in *Signs* v. *Signs* (1952), 156 Ohio St. 566, 46 O.O. 471, 103 N.E. 2d 743.

The Ohio Supreme Court abolished the immunity rule on December 31, 1984 in *Kirchner, supra.* The record fails to establish when the Hardins learned of the court's decision to break with the long-standing rule. The trial court found that a two-year lapse in providing notice after the *Kirchner* decision was unreasonable as a matter of law. We agree.

In *Cook* v. *Matvejs* (1978), 56 Ohio St. 2d 234, 10 O.O. 3d 384, 383 N.E. 2d 601, the Ohio Supreme Court held that a right to sue once existing becomes a vested right and may not be totally obliterated but that the time within which that right may be asserted may

be shortened if a reasonable time after the effective date of the legislation is accorded for the assertion of these rights.

In effect, the Ohio Supreme Court held that a person must be accorded at least a "window of opportunity" to assert a vested right. If we assume that the general populace may not become aware of judicial decisions as soon as the bar generally, nonetheless there must be a reasonable time after which the public will be assumed to have become aware of the court's actions. It is difficult to judge with any precision that time, but we are confident that reasonable minds could not differ that two years is clearly an excessive time for a person to wait to assert his rights by virtue of change in the law brought on by judicial decision.

Having agreed with the trial court that the notice provided by Karen Hardin was not made "as soon as practicable" after the *Kirchner* decision, we must determine whether there were any material facts in issue as to whether the appellee was prejudiced by the late notice.

Because of the late notice we must presume that the insurance company was prejudiced by the resulting delay. Additionally, a critical witness to the accident, Thomas Hardin, died prior to the insurance company's receiving notice of the accident. The appellant presented no evidence to demonstrate lack of prejudice to the appellee. Consequently, construing the evidence most favorably to the appellant, we agree there are no material facts in dispute and the appellee was properly entitled to judgment as a matter of law.

In the second assignment, appellants contend that the trial court erred in overruling their motion for summary judgment when the claim was that of a minor, two years of age, who was incapable of being contributorily negligent and whose claim would not be barred until two years past her eighteenth birthday.

We find no merit in this assignment. In *Allstate Ins. Co.* v. *Furman* (1981), 84 App. Div. 2d 29, 33-34, 445 N.Y.Supp. 2d 236, 239, the court held that "when a parent or guardian of an infant or other person under disability, brings suit against or is sued by the infant or other person under such circumstances that the real defendant is the parent or guardian's insurance company, then the parent or guardian cannot use the fact of infancy or other disability to excuse his failure to provide the insurance company with timely notice of the occurrence giving rise to its liability."

The court noted that there was no New York statute which tolled the time for giving notice to insurance companies because the claimant is an infant. The court noted while the underlying suit was technically a suit by the guardian of the child against the child's parents, it was in reality an effort by the family members to collect money from Allstate by litigation. Under such circumstances, the court refused to excuse the child's representative or parent from providing timely notice so that the insurance company would not be unduly hampered in its investigation by the passage of time.

The tolling provisions of R.C. 2305.16 have no application to the notice requirements of an insurance policy. The fact that Ginger Hardin may not be found contributorily negligent because of her youth sheds no light on the circumstances of how she received her injury. This assignment must also be overruled.

*Judgment affirmed.*

WOLFF, P.J., and WILSON, J., concur.