FILLHART et al., Appellants,

v.

WESTERN RESERVE MUTUAL INSURANCE COMPANY, Appellee.

[Cite as *Fillhart v. W. Res. Mut. Ins. Co.* (1996), 115 Ohio App.3d 200.]

Court of Appeals of Ohio,
Third District, Hancock County.

No. 5-96-22.

Decided Nov. 12, 1996.

*William, Jilek, Lafferty & Gallagher Co., L.P.A.*, and *David M. Mohr*, for appellants.

*Oxley, Malone, Fitzgerald & Hollister* and *Robert B. Hollister*, for appellee.

THOMAS F. BRYANT, Judge.

This is an appeal by Mark and Barbara Fillhart from a judgment by the Hancock County Court of Common Pleas granting summary judgment in favor of Western Reserve Mutual Insurance Company.

On April 16, 1988, appellant Mark Fillhart was injured in an automobile collision with a Ford Falcon operated by Brad Weiker. At the time of the collision Brad was seventeen years old and was driving under a probationary license granted upon application cosigned by his father, David Weiker. David Weiker was insured under a policy issued by Western Reserve. However, this policy did not specifically cover the Ford Falcon.

In September 1988, appellants filed a complaint against Brad and David Weiker alleging that Brad's negligent operation of the vehicle was the direct and proximate cause of the accident and the injuries sustained by Mark Fillhart. Furthermore, appellants alleged that, pursuant to R.C. 4507.07, Brad's liability was imputed to his father since David was the cosigner for the probationary driver's license. Therefore, appellants sought recovery for Mark's injuries and Barbara's loss of her husband's services and consortium.

On October 15, 1992, David and Brad Weiker entered into a confession of judgment granting judgment to appellants in the sum of $100,000. Approximately one year later, appellants filed a supplemental petition pursuant to R.C. 3929.06, seeking to recover the amount of the confession of judgment from various defendants, including appellee Western Reserve. In its answer, Western Reserve argued that appellants should be precluded from recovery based on noncompliance with the terms of the contract. The contract requires that Western Reserve be promptly notified of "how, when and where the accident or loss happened." Since neither Brad nor David Weiker gave notice to Western Reserve of the accident, the subsequent lawsuit, or the entry of the confession of judgment, Western Reserve argues that recovery under the contract is barred.

Appellants and Western Reserve entered into stipulations of fact on October 15, 1995. The appellants agreed to "vacate, set aside and hold for not [*sic*] the Confession of Judgment executed by Brad and David Weiker and permit Western Reserve to present a full defense" on behalf of its insured. Both parties subsequently filed competing motions for summary judgment. The Hancock County Court of Common Pleas granted Western Reserve's motion but overruled the motion submitted by appellants. It found, as a matter of law, that Western Reserve was prejudiced by the five-year delay in notification and that this delay operated as a bar to coverage.

It is from this judgment that appellants appeal, citing the following assignment of error:

"The trial court erred in granting appellee's motion for summary judgment and overruling appellants' motion for summary judgment."

In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard as the trial court under Civ.R. 56(C). *Varisco v. Varisco* (1993), 91 Ohio App.3d 542, 632 N.E.2d 1341. This standard requires the court to view the evidence most strongly in favor of the nonmoving party and decide whether genuine issues of material fact remain for trial. If the evidence is such that reasonable minds could come to but one conclusion, and that conclusion is adverse to the nonmoving party, the moving party is entitled to judgment as a matter of law. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

In this case, the trial court was presented with two central issues. First, Western Reserve asserted that no question of fact existed as to the unreasonableness of the delay in notification. Therefore, Western Reserve argued, it was prejudiced in its investigation of the claim and in its defense of its insured. Second, Western Reserve argues that appellants have offered no evidence to rebut the presumption of prejudice that arises when notice is delayed.

Under Ohio law, a provision in an insurance policy requiring prompt notice to the insurer requires notice within a reasonable time in light of the all the surrounding circumstances. *Ruby v. Midwestern Indemn. Co.* (1988), 40 Ohio St.3d 159, 532 N.E.2d 730. Unreasonable delay may be presumed to be prejudicial to the insurer absent evidence to the contrary. *Patrick v. Auto-Owners Ins. Co.* (1982), 5 Ohio App.3d 118, 5 OBR 235, 449 N.E.2d 790. In this case, both parties agree that Western Reserve was never notified of the claim until five years after the accident. While appellants do not claim that this five-year delay was reasonable, they do contend that Western Reserve was not prejudiced by the delay.

█ Contrary to appellants' assertion, Western Reserve is not required to demonstrate prejudice. Rather, there is a general presumption of prejudice when the notice requirement of an insurance policy is not followed. *Id.* Therefore, upon a showing of unreasonable delay, the burden rests upon the claimant to rebut the presumption. *Zurich Ins. Co. v. Valley Steel Erectors, Inc.* (1968), 13 Ohio App.2d 41, 42 O.O.2d 109, 233 N.E.2d 597; *Ruby, supra.*

In an attempt to rebut the presumption of prejudice, appellants presented evidence that the parties agreed to "vacate, set aside and hold for not [*sic*] the confession of judgment executed by Brad and David Weiker." Appellants argue that this action would allow Western Reserve to present a full defense on behalf of its insured and therefore would eliminate any prejudice caused by the five-year delay.

In *Thomas v. State Farm Mut. Auto Ins. Co.* (Apr. 17, 1991), Summit App. No. 1488, unreported, 1991 WL 60698, the Ninth District Court of Appeals considered a similar argument. In that case there was a three-year delay before the insurance company was notified of the claim. Prior to this notification, the insurer had no knowledge of the accident, the claim, or the default judgment rendered against its insured. The parties agreed to request that the trial court vacate the judgment rendered against the insured. The plaintiff argued that absent the default judgment, there would be no prejudice to the insurer since all the witnesses to the accident were still available, and the insurer's negotiating opportunities would be unaffected.

The court of appeals rejected this argument. It held:

"In the case *sub judice,* a judgment had been already granted against Cincinnati's insured. The lack of notice denied Cincinnati the opportunity to participate in the defense. Even assuming, *arguendo,* that the trial court would vacate the judgment upon the parties' request, the presumption of prejudice is not automatically rebutted as the question remains regarding the prejudice to Cincinnati's opportunity to negotiate and conduct an investigation."

█ The notice requirement in insurance contracts provides the insurer with an opportunity to investigate the claim, negotiate a settlement, or participate in the defense of its insured. *Id.* Unreasonable delay in providing notice is presumed to prejudice the insurer in these areas. Accordingly, if in response to a motion for summary judgment, a claimant offers evidence that these areas are not affected by the delay, it may, at least create a question of fact as to whether the presumption of prejudice is rebutted. *Hamilton Mut. Ins. Co. v. Perry* (Feb. 26, 1993), Ottawa App. No. 92–OT–031, 1993 WL 49798, unreported. However, even if the insured presents some evidence to rebut the presumption of prejudice, the insurer still may be entitled to summary judgment if reasonable minds could

only conclude that the insurer suffered actual prejudice from the delay. See *Ruby,* 40 Ohio St.3d at 161, 532 N.E.2d at 731–732.

After reviewing the record, we find that reasonable minds could only conclude that Western Mutual suffered actual prejudice from the five-year delay in notification. Clearly Western Reserve's opportunity to negotiate and conduct an investigation has been affected by the lengthy passage of time. It has lost the opportunity to investigate the accident scene, inspect the vehicles, and evaluate the extent of the injuries suffered by the parties. Therefore, because it was prejudiced by the five-year delay in notification, Western Reserve was entitled to judgment as a matter of law. Accordingly, we overrule appellants' assignment of error and affirm the judgment of the Hancock County Common Pleas Court.

*Judgment affirmed.*

HADLEY, P.J., and SHAW, J., concur.