DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Pike County Court of Common Pleas, which granted summary judgment in favor of Defendant-Appellee State Automobile Mutual Insurance Company [hereinafter State Auto]. Plaintiffs-Appellants Anthony S. Montgomery and Karrie A. Montgomery sued State Auto for underinsured-motorist benefits [hereinafter UIMbenefits], for injuries Anthony Montgomery sustained as a result of an automobile accident caused by James E. Scowden. State Auto moved for summary judgment, arguing that appellants failed to file their claim for UIM benefits within the time period specified in the insurance policy, and that appellants failed to provide State Auto with timely notice of the accident. The trial court granted summary judgment without comment. For the reasons stated below, we affirm the judgment of the trial court.
 STATEMENT OF THE CASE
On December 25, 1992, Anthony Montgomery was involved in an automobile collision with James E. Scowden in Benton Township, Pike County, Ohio. Anthony was driving an automobile owned by Todd S. Montgomery, which was insured under a policy issued by State Auto. The State Auto policy provided UIM coverage, with a coverage limit of $50,000. Scowden was insured under a policy issued by Personal Service Insurance Company, which provided liability coverage up to a limit of $15,000.
On April 3, 1993, Scowden died of causes apparently unrelated to the accident. On December 8, 1994, the Montgomerys brought an action against Scowden's estate for Anthony's personal injuries, as well as Karrie Montgomery's loss of consortium. The Personal Service Insurance Company eventually offered to settle appellants' claim for $12,000. Appellants' counsel advised State Auto of this settlement offer by letter on October 13, 1995, noting that the terms of the State Auto policy required the insurer's consent before appellants could accept the settlement offer. The letter also indicated that appellants intended to claim UIM benefits under the State Auto policy. On December 4, 1995, State Auto rejected appellants' claim for UIM benefits under its policy, and advised appellants to accept the offer tendered by the Personal Service Insurance Company. Appellants then accepted the $12,000 settlement, effectively exhausting the benefits available to them under Scowden's insurance policy.
On January 16, 1996, the Montgomerys commenced the instant action against State Auto for UIM benefits under the policy of insurance. Anthony sought a minimum of $25,000 for his injuries, and Karrie claimed $25,000 for loss of consortium in this action. On August 1, 1996, State Auto moved for summary judgment. The trial court denied State Auto's motion without comment on September 3, 1996, and set the matter for trial. On July 19, 1997, State Auto again moved for summary judgment. On August 28, 1998, the trial court denied State Auto's second motion for summary judgment, finding that there was a "genuine issue of material fact." On June 11, 1999, State Auto filed a "motion to reconsider," seeking further review of its motion for summary judgment. On July 21, 1999, the trial court, without comment or elaboration, granted State Auto's motion for summary judgment, and directed its counsel to prepare the judgment entry dismissing the action. From that order, appellants filed their timely appeal, raising a single error for our consideration:
 ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
 I.
Summary judgment is appropriate where there is no dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). We review summary judgment on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 506 N.E.2d 212. Hence, on an appeal from the granting of summary judgment, our review is de novo. Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241, 245.
We must apply the same standard on appeal as is articulated in Civ.R. 56 to determine whether summary judgment was appropriate. Hounshell v.American States Ins. Co. (1981), 67 Ohio St.2d 427, 433, 424 N.E.2d 311,315. Under Civ.R. 56, summary judgment is appropriate only where the movant demonstrates that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Civ.R. 56(C); Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66, 375 N.E.2d 46, 47.
Summary judgment should not be granted unless it appears from the evidence that "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." Civ.R. 56. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and it need not defer to the decision of the trial court. SeeBrown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711,622 N.E.2d 1153, 1157.
In their sole assignment of error, the Montgomerys argue that the trial court erred in granting summary judgment in favor of State Auto. As we noted above, the trial court did not explain its reasoning for granting summary judgment. In its motion for summary judgment, however, State Auto argued that the Montgomerys' claims are barred by the time limitation contained in the insurance policy, and that the Montgomerys failed to provide timely notice of the accident, as required by the policy. The Montgomerys argue that neither of these propositions can support the trial court's decision to grant summary judgment in favor of State Auto. We shall address each of the arguments advanced by State Auto in support of its motion for summary judgment.
 II.
The State Auto policy imposes a limitations period for asserting a claim for UIM benefits. Specifically, the policy provides that "no legal action or arbitration proceeding [for recovery of UIM benefits] may be brought against us unless the action or proceeding is begun within two years of the date of the accident." The Montgomerys did not commence the present action against State Auto until more than three years after the accident, so State Auto argues that the Montgomerys' claims are time-barred by the terms of the policy of insurance. In response, the Montgomerys argue that the two-year limitations period runs from the date that State Auto gave its consent to the settlement, not from the date of the accident.
The recovery of UIM benefits from a policy of insurance is a contractual right. See Landis v. Grange Mut. Ins. Co. (1998),82 Ohio St.3d 339, 341, 695 N.E.2d 1140, 1141. As with other contracts, a policy of insurance may set a limitations period for bringing an action under the policy that is less than the statutory limitations period for contract actions generally. Colvin v. Globe Am. Cas. Co. (1982),69 Ohio St.2d 293, 432 N.E.2d 167. However, such a contractual limitations period is valid only if "the time provision is clear, unambiguous, and a reasonable period." Id. at 296, 432 N.E.2d at 169.
The Supreme Court of Ohio has indicated that a reasonable limitations period in a policy of insurance is two years, equal to the statutory limitations period for bodily injury actions. Miller v. Progressive Cas.Ins. (1994), 69 Ohio St.3d 619, 624-625, 635 N.E.2d 317, 321. However, a limitations period for claiming UIM benefits does not necessarily commence on the date of the accident. "The validity of a contractual period of limitations governing a civil action brought pursuant to the contract is contingent upon the commencement of the limitations period on the date that the right of action arising from the contractual obligation accrues." Kraly v. Vannewkirk (1994), 69 Ohio St.3d 627, 635 N.E.2d 323, paragraph two of the syllabus. Thus, a contractual limitations period for uninsured motorist benefits "which expires before or shortly after the accrual of a right of action for such coverage is per se unreasonable and violative of the public policy of the state of Ohio as embodied in R.C.3937.18." Id. at paragraph four of the syllabus.
The plaintiffs in Kraly were involved in an automobile accident with an insured tortfeasor. Almost two years after the accident, the tortfeasor's insurance carrier became insolvent while litigation was pending between the plaintiffs and the tortfeasor. The plaintiffs then sought uninsured motorist benefits [hereinafter UM benefits] under their own insurance policy. However, the insurance policy imposed a two-year limitations period for claiming UM benefits, and the insurance carrier denied coverage on the basis that the plaintiffs did not file their claim within two years of the accident.
The Kraly court found that it was unreasonable for the contractual limitations period to run from the date of the accident when the plaintiffs' claim for UM benefits did not exist on that date. The court compared the situation in Kraly to a medical malpractice case in which the plaintiff discovers the injury several years after the malpractice occurred. Id. at 634, 635 N.E.2d at 328, citing Gaines v.Preterm-Cleveland, Inc. (1987), 33 Ohio St.3d 54, 514 N.E.2d 709. In such cases, courts apply a "discovery rule" that tolls the statutory limitations period until the plaintiff discovers the injury. The Kraly
court reasoned that limitations periods imposed by contract "are not entitled to any greater deference than that afforded statutory limitations periods." Id.
Relying in part on Kraly, the Tenth Appellate District has held that a contractual limitations period for claiming UIM benefits does not begin to run until all of the preconditions for payment of such benefits have been met. Kuhner v. Erie Ins. Co. (1994), 98 Ohio App.3d 692, 698,649 N.E.2d 844, 848. The Montgomerys contend that State Auto's consent to the settlement offer from Scowden's insurance carrier was a precondition to the payment of UIM benefits under the State Auto policy. They argue that, under Kuhner, their claim was timely because it was filed shortly after the date that they received permission from State Auto to accept the settlement offer.
We note that Kraly involved a unique factual situation, and the court fashioned a remedy to avoid an unjust result. See Ross v. Farmers Ins.Group of Cos. (1998), 82 Ohio St.3d 281, 695 N.E.2d 732. The extent to which the Kraly syllabus applies beyond the particular facts of that case is not entirely clear. As a result, we decline to adopt the reasoning of the Kuhner court.
At a minimum, however, Kraly established that courts must consider whether or not it is equitable to commence a limitations period in a policy of insurance on the date of the accident that gave rise to the insured's claim for uninsured or underinsured motorist benefits. In some situations, the extent of the insured's damages and the limits of the tortfeasor's liability coverage, or lack thereof, might be known shortly after the accident. In such cases, it might be reasonable to require the insured to seek UM/UIM benefits within two years of the accident. In other situations, the full extent of the insured's injuries may not be apparent at the time of the accident, or the insured may be required to file suit and obtain discovery to ascertain the policy limits of the tortfeasor's insurance. In cases such as this, as in Kraly, it might well be inequitable to commence a contractual limitations period on the date of the accident.
In the case sub judice, we cannot determine from the record before us whether the two-year limitations period imposed by the State Auto policy could reasonably commence on the date of the accident. There is no evidence to establish when the Montgomerys became aware that they had a potential claim for UIM benefits under the State Auto policy. As the moving party, State Auto had the burden of proving that it was entitled to summary judgment. We find that State Auto failed to establish that the Montgomerys claim was untimely. Accordingly, we find that State Auto was not entitled to summary judgment on this basis.
 III.
State Auto's second argument in support of its motion for summary judgment was that the Montgomerys failed to give it prompt notice of the accident. The State Auto policy provides:
 We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.
The parties stipulated that State Auto's first notification of the accident came on October 13, 1995, when the Montgomerys' attorney sought State Auto's consent to accept the settlement offer from Scowden's insurer. State Auto argues that this notice, coming almost three years after the accident, was not timely, thus invalidating appellants' claims for UIM benefits.
"A provision in an insurance policy requiring `prompt' notice to the insurer requires notice within a reasonable time in light of all the surrounding facts and circumstances." Ruby v. Midwestern Indemn. Co. (1988), 40 Ohio St.3d 159, 532 N.E.2d 730, syllabus. Following Ruby, several courts have held that a failure to give timely notice under an insurance contract is not fatal to an insured's claim, if the insured can show that the insurer has suffered no prejudice as a result thereof. SeeFillhart v. Western Res. Mut. Ins. Co. (1996), 115 Ohio App.3d 200,203-204, 684 N.E.2d 1301, 1304; West American Ins. Co. v. Hardin (1989),59 Ohio App.3d 71, 73, 571 N.E.2d 449, 452; Mullins v. Dado (Mar. 27, 1998), Hamilton App. No. C-970087, unreported.
Clauses within a policy of insurance requiring prompt notification of an accident are intended to protect the insurer's subrogation rights.Ruby, supra. The State Auto policy contains two notification clauses: the general provision quoted above, and a specific provision in the UM/UIM benefits section that requires the insured to provide notice of any settlement offers. The Montgomerys contend that they protected State Auto's subrogation rights by giving timely notice of the settlement offer from Scowden's insurer. They argue that the specific notification provision relating to UIM benefits controls over the general notification provision. The Montgomerys further contend that the State Auto policy is "reasonably susceptible of more than one interpretation," so the policy should be "construed strictly against the insurer and liberally in favor of the insured." King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208,519 N.E.2d 1380, syllabus.
The construction of written contracts is a matter of law. Latina v.Woodpath Development Co. (1991), 57 Ohio St.3d 212, 567 N.E.2d 262. Where possible, words and phrases of an insurance policy should be "given their natural and commonly accepted meaning, * * * to the end that a reasonable interpretation of the insurance contract consistent with the apparent object and plain intent of the parties may be determined." Gomolka v.State Auto. Mut. Ins. Co. (1982), 70 Ohio St.2d 166, 167-168,436 N.E.2d 1347, 1348.
In the case sub judice, the general clause requires prompt notice to State Auto after an accident, while the more specific clause, in the UM/UIM benefits section of the policy, requires the insured to notify State Auto before accepting a settlement offer from an underinsured motorist. As the Ninth Appellate District succinctly noted, "[n]otice of an accident and notice of pending litigation regarding that accident are not the same." Walker v. Buck (1993), 86 Ohio App.3d 846, 849,621 N.E.2d 1307, 1309. Having notice of an accident allows an insurance company to conduct an investigation, and assess the damages suffered by its insured. Notice of a settlement offer, on the other hand, allows the company to evaluate the adequacy of the settlement and the necessity of paying UIM benefits. Lack of notice in either situation could prejudice the company's ability to protect its own interests. As a result, the Montgomerys' notice to State Auto of the settlement offer did not satisfy their obligation to promptly notify State Auto of the accident.
Although the Montgomerys did not notify State Auto of the accident for almost three years, they contend that State Auto was not prejudiced. They claim that they preserved State Auto's subrogation rights by filing an action against Scowden's estate, and by providing timely notice to State Auto of the proposed settlement from Scowden's insurer. The Montgomerys argue that State Auto did not take any action to preserve its own subrogation rights, so it cannot claim to have been prejudiced by the nearly three-year delay in receiving notice.
"The purpose of a requirement of notice and proofs of loss is to allow the insurer to form an intelligent estimate of its rights and liabilities, to afford it an opportunity for investigation, and to prevent fraud and imposition upon it." West American Ins. Co. v. Hardin
(1989), 59 Ohio App.3d 71, 73, 571 N.E.2d 449, 452, citing TravelersIns. Co. v. Myers Co. (1900), 62 Ohio St. 529, 57 N.E. 458. An insurer is prejudiced by untimely notice when it is denied the opportunity to investigate a claim and thereby protect its rights by asserting a defense. Ruby, 40 Ohio St.3d at 161, 532 N.E.2d at 732. Furthermore, there is a rebuttable presumption that an unreasonable delay in giving notice is prejudicial to the insurer. Id. The burden is on the insured to establish that the insurance company was not prejudiced by the delay.Zurich Ins. Co. v. Valley Steel Erectors, Inc. (1968), 13 Ohio App.2d 41,233 N.E.2d 597.
The Montgomerys stipulated that State Auto had no notice of the accident until almost three years after it occurred. We find that the Montgomerys' delay in giving notice was unreasonable, and we presume that the delay was prejudicial to the interests of State Auto. The Montgomerys failed to submit any evidence to rebut the presumption of prejudice. In the absence of such evidence, State Auto was entitled to summary judgment on the basis that the Montgomerys failed to give it timely notice of the accident.
Accordingly, the Montgomerys' sole assignment of error is OVERRULED. The judgment of the Pike County Court of Common Pleas is AFFIRMED.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed. Appellee is to recover of appellants costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Pike County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment and Opinion.
Abele, J.: Concurs in Judgment Only.
 ______________________________________ David T. Evans, Judge