OPINION
Defendant-appellant, Glen H. Salger, appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of plaintiff-appellee, TIG Insurance Company ("TIG"). On appeal, appellant assigns a single error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FINDING AS A MATTER OF LAW THAT TIG INSURANCE COMPANY OF AMERICA IS NOT OBLIGATED TO PROVIDE COVERAGE TO ITS INSUREDS TO SATISFY THE CLAIMS OF DEFENDANT-APPELLANT AND THAT THE INSUREDS FAILED TO PROVIDE NOTICE OF THE ACTION/CLAIM RESULTING IN PREJUDICE TO TIG.
Because the delayed notice did not prejudice TIG, we reverse the judgment of the trial court.
On December 21, 1992, a tractor-trailer owned by O.K. Freightways, and operated by an employee of O.K. Freightways, was involved in an accident with an automobile operated by appellant. On December 8, 1994, appellant filed a personal injury lawsuit against O.K. Freightways and its employee-driver. At the time of the accident, O.K. Freightways was insured by TIG, but did not notify TIG of the accident or the complaint until November 1995.
On March 13, 1996, appellant voluntarily dismissed his action against O.K. Freightways and its employee, and re-filed it on or about November 19, 1996. In the re-filed action, TIG employed the services of James A. Brudney to represent the interests of TIG, O.K. Freightways, and the employee. TIG ultimately filed a motion for summary judgment, and the trial court granted it. Appellant's single assignment of error contends the trial court erred in granting the motion.
In a motion for summary judgment, the evidence must be construed most strongly in favor of the nonmoving party; summary judgment should be granted only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which is adverse to the non-moving party. Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. A motion for summary judgment first forces the moving party to inform the court of the basis of the motion and to identify portions in the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 296. If the moving party makes that showing, the non-moving party then must produce evidence on any issue for which the party bears the burden of production at trial. Wing v. Anchor Media, Ltd.of Texas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus (Celotex v. Catrett [1986], 477 U.S. 317, approved and followed). This court reviews the lower court's granting of summary judgment de novo.Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711 ("We review the judgment independently and without deference to the trial court's determination").
TIG's motion for summary judgment asserted O.K. Freightways failed to comply with the notice provision of the insurance policy, and thus was not entitled to coverage. In pertinent part, the policy stated:
Duties in the event of an accident claim suit or loss.
 In the event of an "accident", claim, "suit", or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss."
Although O.K. Freightways employed counsel shortly after the initial suit was filed, it did not inform TIG of the accident or the claim until November 14, 1995. TIG contends that O.K. Freightways' three-year delay violated the "prompt notice" requirement of the policy. TIG further asserts the "prompt notice" requirement is a condition precedent to coverage.
Appellant contends TIG's motion for summary judgment was improperly granted for three reasons. Initially, appellant contends the issue of reasonableness is typically left to the jury. The issue of whether an insured has satisfied the notice provision of a policy is generally a question of fact for the jury. See Employers' Liability Assurance Corp.v. Roehm (1919), 99 Ohio St. 343. However, "an unexcused significant delay may be unreasonable as a matter of law." Ormet Primary AluminumCorp. v. Employers Ins. of Wasau (2000), 88 Ohio St.3d 292, 300. A "prompt notice" requirement in an insurance contract requires that notice be given "within a reasonable time in light of all of the surrounding facts and circumstances." Ruby v. Midwestern Indemn. Company (1988),40 Ohio St.3d 159, 161. O.K. Freightways' almost three-year delay in informing TIG of the accident is unreasonable as a matter of law.
Appellant next contends the violation of a "prompt notice" clause in an insurance contract is not a condition precedent to coverage unless the insurer is prejudiced by the delay. Ohio law concerning the role prejudice has in a "prompt notice" analysis is ambivalent. For example, some courts have held that "prompt notice" is a condition precedent to recovery. See, e.g., Liberty Savings Bank v. Lawyers Title Ins. (Dec. 31, 1990), Butler App. No. CA89-12-174, unreported. Other courts have concluded that unreasonable notice results in a denial of coverage only when the insurer has been prejudiced. See, e.g., West American Ins. Co.v. Hardin (1989), 59 Ohio App.3d 71. The latter group of courts is further divided by their allocation of the burden of proof. For example, some courts hold that the insurer must prove prejudice. Id. Other courts have held that unreasonable delay creates a rebuttable presumption of prejudice. See, e.g., Ormet Primary Aluminum Corp. v. Employers Ins.Company of Wausau (Oct. 30, 1998), Monroe App. No. 808, unreported, affirmed (2000), 88 Ohio St.3d 292.
Two cases of the Ohio Supreme Court, while not explicitly endorsing either position, suggest that an unreasonable delay creates a rebuttable presumption of prejudice. In Ruby, the court framed the prejudice issue by stating that "[a]ppellants in the present case have failed to meet the crucial precondition of protecting appellee's subrogation rights." Ruby,supra, at 161. The statement demonstrates the resulting prejudice: the appellee's subrogation rights there expired because of the delay. Pertinent to the issue here, the court went on to say "[u]nreasonable delay may be presumed prejudicial to the insurer absent evidence to the contrary." Id., citing Patrick v. Auto-Owners Ins. Co. (1982),5 Ohio App.3d 118, 119. Finally, the court concluded that it did not need to decide whether "prejudice should be presumed, as there is ample evidence that Midwestern was in fact prejudiced by the delay." Id. If unreasonable delay alone were enough to preclude coverage, a court would never need to presume prejudice.
In Ormet, the Supreme Court similarly indicated that precluding coverage for failure to provide "prompt notice" requires prejudice. The court held "reasonable minds could not differ that Ormet failed to give timely notice to its insurers causing its insurers to suffer actual prejudice." Id. at 305. In so holding, the court stated "[t]he courts below concluded that unreasonable delay in the giving of notice may be presumed prejudicial to the insurer absent evidence to the contrary." Id. at 303. The Supreme Court, however, found it unnecessary to determine whether the insured there presented proof to rebut the presumption of prejudice because reasonable minds could only conclude that the insurer "suffered actual prejudice from the delay." Id.
Similarly, we also apply the rationale that an unreasonable delay creates a rebuttable presumption of prejudice. If the insured cannot rebut the presumption, then the insured will not be entitled to coverage. Because the delay in this case was unreasonable as a matter of law, a presumption of prejudice is created. The remaining issue for resolution is whether appellant rebutted that presumption.
The presumption of prejudice created by an unreasonable delay in providing notice to one's insurer serves many purposes. Prompt notice allows the insurer a meaningful opportunity to investigate. Ruby, supra. It allows the insurer to determine whether the allegations state a claim that is covered by the policy. Ormet, supra, at 302-303, citing In reTexas E. Transm. Corp. PCB Contamination Ins. Coverage Litigation
(E.D.Pa. 1992), 870 F. Supp. 1293. In essence, prompt notice affords the insurer a better opportunity to defend its interests.
Appellant, by way of his third argument, attempts to overcome the presumption of prejudice by arguing that TIG suffered no actual prejudice. For support, appellant points to the deposition testimony of James Brudney, who represented TIG in this action and stated that the delay did not impair his defense of the action in any way. In Ormet, a similar attempt to rebut the presumption of prejudice was made. There, the appellant pointed to the deposition testimony of a witness from the United States Environmental Protection Agency which supported appellant's claim that the insurer was not prejudiced by the delay because the claim had been handled in the most cost effective manner. See Ormet, supra, at 305. The Supreme Court of Ohio found the evidence to be "speculative at best." Id. Indeed, the court of appeals similarly had concluded the evidence was speculative because the witness had no legal training regarding the legal definition of prejudice. Moreover, the Supreme Court pointed to numerous examples of actual prejudice incurred by the insurance company, including the death of several key witnesses. Id.
Unlike the situation in Ormet, no evidence suggests actual prejudice to TIG. Brudney, who is a practicing attorney and thus well aware of the legal definition of prejudice and the significance of his testimony, so testified. In an attempt to overcome the deposition testimony of Brudney, TIG contends the prejudice arose between the time that the accident occurred and the time that TIG was notified, rendering Brudney's finding of no prejudice to be irrelevant.
TIG's contention is unpersuasive. If TIG's interests were prejudiced by the delay at any time prior to or during Brudney's representation, that prejudice would necessarily impair Brudney's preparation. For example, if a key witness died before Brudney was put in charge of the case, that event would certainly prejudice Brudney's ability to represent the interests of TIG, even though he was not working on the case at the time the witness died.
In addition, TIG does not point to any actual prejudice. Instead, TIG claims it was prejudiced because it will never know what information they might have ascertained had timely notice been provided. If that argument were determinative, courts would never need to determine whether actual prejudice existed because TIG's argument would prevail in every case where timely notice is not given. Because the Supreme Court has rejected that argument, it is unpersuasive. Based on the deposition testimony of Brudney, appellant successfully rebutted the presumption of prejudice. As such, summary judgment was inappropriate. Appellant's single assignment of error is sustained.
Having sustained appellant's single assignment of error, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
GLASSER and TYACK, JJ., concur.
GLASSER, J., retired, of the Sixth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.