OPINION
On February 14, 1996, Edgar V. Smock was involved in a car accident with Charlotte M. Hall. As a result of injuries sustained in the accident, Mr. Smock died. Appellant, Harriet E. Smock, is his widow and the executrix of his estate.
On April 22, 1997, State Farm Mutual Automobile Insurance Company ("State Farm"), Ms. Hall's insurer, offered $100,000 to appellant, both individually and as executrix of the estate of the decedent, to settle their claims against Ms. Hall. This amount represented the limits of Ms. Hall's liability policy.
Appellant later made a claim for underinsured motorist insurance against Central Mutual Insurance Company ("Central") under a policy issued to her son, Jeffrey Smock, who was living in the household at the time of the accident. The uninsured/underinsured motorist coverage limit under the Central policy was $1,000,000. On September 24, 1998, appellant settled her claims against Central for $450,000, individually and on behalf of the decedent's estate. The $450,000 represented $350,000 from Central and a $100,000 advance because Central refused to release the tortfeasor; therefore, causing appellant's denial of State Farm's offer.
On the date of the accident, Edgar V. Smock was also covered by an insurance policy with Grange Mutual Casualty Co. ("appellee") held by his employer, West Geauga Schools. This policy provided for uninsured/underinsured motorist coverage in the amount of $1,000,000 dollars. On November 17, 1999, appellant made a written demand for arbitration with appellee to resolve her claims. On April 12, 2000, appellee filed a Complaint for Declaratory Judgment and Motion for Summary Judgment seeking a declaration that appellant had no claim against appellee for underinsured motorist benefits. On May 24, 2000, appellant answered appellee's complaint and filed a Counterclaim for Declaratory Judgment and Cross-Motion for Summary Judgment.
On May 26, 2000, the Geauga County Court of Common Pleas granted appellee's Motion for Summary Judgment and denied appellant's Cross-Motion for Summary Judgment. The court adopted the reasoning in appellee's brief and denied appellant's claims for underinsured motorist benefits because 1) they were time-barred under the terms of the insurance contract, and 2) appellant had abandoned any claims for additional underinsured motorist benefits when she settled with Central for $550,000 less than the coverage limit of the policy.
Appellant raises the following assignments of error:
 "[1.] The trial court erred in holding the claims of Appellant Harriet E. Smock, individually and upon behalf of Edgar V. Smock, deceased, for underinsured motorist coverage are barred by a two year limitation under the terms of Appellee Grange Mutual Insurance Company's policy of automobile insurance."
 "[2.] The trial court erred in holding the claims of Appellant Harriet E. Smock, individually, and upon behalf of the Estate of Edgar V. Smock, deceased, for underinsured motorist coverage are subject to an "exhaustion requirement" under the terms of Appellee Grange Mutual Insurance Company's policy of automobile insurance."
 "[3] The trial court erred in holding that Appellee Grange Mutual Insurance Company's enforcement of its policy's two-year arbitration limitation was not barred by the doctrines of waiver and/or estoppel."
 In her first assignment of error, appellant asserts that the trial court erred in finding that her underinsured motorist claims against appellee were barred by the terms of the insurance contract because they were brought more than two years after the accident. We find that the court did err in finding that the Grange insurance contract contained a provision contractually limiting the time to bring a claim to two years, but we affirm the court's decision on grounds not considered by the trial court.
The construction of written contracts is a matter of law for the court, and the court's construction of a contract will be reviewed denovo by the appellate court. Long Beach Assn., Inc. v. Jones (1998),82 Ohio St.3d 574. It has long been held that the parties can change by contract the limitations period to bring suit against the insurer for coverage under a policy of insurance. Appel v. Cooper Ins. Co. (1907),76 Ohio St. 52. However, it is also clear that an insurance contract is to be strictly construed against the insurer. Buckeye Union Ins. Co. v.Price (1974), 39 Ohio St.2d 95.
The insurance policy at issue in this case, the policy between Grange and West Geauga Schools, does limit the time period within which the insured must request arbitration under the uninsured[1] motorist provisions of the policy to two years after the accident. Endorsement CA 33 provides that, "Any demand for arbitration must be made within 2 years (TWO YEARS) from the date of the `accident'." However, the arbitration provision of this uninsured motorist policy is written in permissive terms:
"ARBITRATION
 "a. If we and an `insured' disagree whether the `insured' is legally entitled to recover damages from the owner or driver of an `uninsured motor vehicle' or do not agree as to the amount of damages that are recoverable by that `insured', then the matter may be arbitrated * * * Either party may make a demand for arbitration." (Emphasis added.)
 A thorough review of the policy has not revealed any provision in the policy that requires an insured to arbitrate a claim for underinsured motorist coverage or that specifically requires the insured to bring a claim for underinsured motorist coverage within two years of the date of the accident. Construing this arbitration provision strictly against the insurer, Grange, leads us to the conclusion that, while appellant was barred from demanding arbitration of her underinsured motorist claims, she was not barred by the two-year provision from bringing her claim against appellee.
However, a reviewing court passes only on the correctness of the judgment, not the reasons therefor. Joyce v. Gen Motors Corp. (1990),49 Ohio St.3d 93, 96. Thus, an appellate court must affirm a trial court's judgment if upon review any valid grounds are found to support it. Id.
Grange's policy does contain a provision, which bars appellant from coverage under the policy. As one of the general provisions under "DUTIES IN THE EVENT OF ACCIDENT, SUIT, CLAIM OR LOSS," the policy provides that:
 "In the event of `accident', claim [sic], `suit' or `loss', you must give us or our authorized representative prompt notice of the `accident' or `loss'.
"A provision in an insurance policy requiring `prompt' notice to the insurer requires notice within a reasonable time in light of all the surrounding facts and circumstances." Ruby v. Midwestern Indem. Co. (1988), 40 Ohio St.3d 159, syllabus. An unreasonable delay is presumed to be prejudicial absent evidence to the contrary. Id. at 161. A delay of one year has been found to be unreasonable as a matter of law. Patrickv. Auto-Owners Ins. Co. (1982), 5 Ohio App.3d 118, 119.
Appellant did not notify appellee of the accident and claim until three years and ten months after the accident and two years and eight months from the date that the tortfeasor's insurer tendered her the full amount of the tortfeasor's liability insurance. By delaying her notice to appellee, appellant has harmed appellee's ability to investigate the claim and protect its interests, the very situation which the above provision was drafted to prevent.
The burden of rebutting the presumption of prejudice by establishing that the insurance company was not prejudiced rests on the insured.Zurich Ins. Co. v. Valley Steel Erectors, Inc. (1968), 13 Ohio App.2d 41. There is no evidence in the record offered to establish that appellee was not prejudiced by appellant's unreasonable delay of three years and ten months before notifying appellee of the accident. Thus, appellants did not rebut the presumption of prejudice. Appellant's first assignment is without merit.
In her second assignment of error, appellant asserts that the trial court erred in holding that the coverage under appellee's uninsured motorist policy is subject to an "exhaustion requirement." Based on our decision on appellant's first assignment of error, her second assignment of error is moot.
In her third assignment of error, appellant argues that the trial court erred in failing to find that appellee's declaratory judgment claim was barred by the doctrines of waiver or estoppel.
Appellant's argument is based on the fact that appellee scheduled arbitration prior to filing its declaratory judgment action.
In First Federal S. L. Assn. v. Perry's Landing, Inc. (1983),11 Ohio App.3d 135, 145, 463 N.E.2d 636, the court set forth the four essential elements of equitable estoppel: 1) there must be a representation by words, acts, or silence; 2) the representation must communicate some fact or state of affairs in a misleading way; 3) the representation must induce actual reliance by the other party, and such reliance must be reasonable and in good faith; and 4) the other party would suffer prejudice if the representing party were not estopped or precluded from contradicting the earlier representation. The Ohio Supreme Court has also stated that:
 "It is essential to the application of the principles of equitable estoppel that the person claiming to have been influenced by the conduct or declarations of another party to his injury should have been destitute of knowledge of the facts, or at least * * * of any convenient and available means of acquiring such knowledge, for if he lacks such knowledge he is bound to exercise reasonable diligence to obtain it." Pedler v. Aetna Life Ins. Co. (1986), 23 Ohio St.3d 7, quoting 42 Ohio Jurisprudence 3d (1983), 109-110, Estoppel of Waiver, Section 66.
 Appellant had ample opportunity to gain knowledge of the fact that litigation might result from her claim against appellee. First, under Endorsement CA33 to the uninsured motorist arbitration provisions, "[n]o questions as to whether a loss is covered by this Coverage Form will be submitted to arbitration." Thus, appellant had notice that any coverage questions would have to be litigated rather than arbitrated. The declaratory judgment filed by appellee was intended to determine whether appellant was covered by the policy based on the contractual limitation period and the theory of abandonment. These issues are, by the terms of the insurance contract, not arbitrable. Second, appellee's attorney informed appellant in a letter dated March 6, 2000 that:
 "It appears to me that a number of questions must be answered before a determination can be made as to whether or not the Arbitration can proceed against Grange on the scheduled date. These questions involve matters such as the statute of limitations and whether or not the Central policy has to be substantially exhausted before you can look to the Grange policy for coverage."
 This letter should have provided appellant with knowledge that appellee was considering litigation prior to going forward with the arbitration. As appellant did not show that she had no knowledge of the truth or means of discerning the truth, the court did not err by refusing to find that appellee was estopped from bringing its declaratory judgment action.
A waiver is the intentional relinquishment of a known right or privilege. See State v. Bays (1999), 87 Ohio St.3d 15, 19. In insurance contracts, a waiver "may occur when the insurer, by its acts or declarations, evidences a recognition of liability under the policy, and the evidence reasonably shows that such expressed recognition of liability and offers of settlement have led the insured to delay in bringing an action on the insurance contract." Hounshell v. AmericanStates Ins. Co. (1981), 67 Ohio St.2d 427, 431.
In this case, appellee did not take acts or make declarations that recognized liability under the policy. As noted above, appellee's counsel informed appellant that there were coverage issues that would need to be determined through litigation. This is not the sort of action that would constitute an intentional relinquishment of a known right, sufficient to support a waiver of appellee's rights.
Appellant's third assignment of error is without merit.
We affirm the judgment of the Court of Common Pleas of Geauga County, but for different reasons than those set forth in the trial court's judgment entry.
 ______________________________________ JUDGE ROBERT A. NADER
O'NEILL, P.J., dissents with dissenting opinion, CHRISTLEY, J., concurs.
[1] Grange's policy includes within the definition of "uninsured motor vehicle", "a land motor vehicle or trailer * * * [w]hich is an underinsured motor vehicle." Thus appellant's underinsured motorist claims are made under appellee's uninsured motorist coverage.