DECISION
Defendant-appellant, Pamela K. Allen, administratrix of the Estate of James C. Jewell, deceased, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment for plaintiff-appellee, Auto Owners Insurance Company ("Auto Owners").
Auto Owners brought this declaratory judgment action to determine whether uninsured motorist coverage was available under an automobile policy issued by Auto Owners to the decedent, James C. Jewell. Mr. Jewell died on August 14, 1994, as a result of injuries suffered while a passenger on an all terrain vehicle ("ATV") operated by Michelle R. Tinney. Appellant is the decedent's daughter and the adminis-tratrix of his estate. The claim for uninsured motorist benefits was not presented to Auto Owners until October 7, 1999, some five years after the accident. The claim for uninsured motorist benefits asserts that the accident was caused either by Michelle Tinney or a passing truck which forced the ATV off the road, or both. Michelle Tinney and the unidentified driver of the phantom vehicle were both asserted to be uninsured motorists.
Appellant is not the first administratrix of the estate of Mr. Jewell. The estate was initially opened on August 29, 1994, in Franklin County Probate Court, with the decedent's wife, Norma, appellant's stepmother, as executrix. The estate closed on October 27, 1994, without asserting either a wrongful death claim or any claim to uninsured motorist benefits. Appellant sought appointment as administratrix of the estate in 1999, apparently for the purpose of pursuing the present claim.
Upon receiving notice of the pending uninsured motorist claim, Auto Owners responded with a reservation of rights letter to appellant's counsel. The letter pointed out various reasons for which uninsured motorist coverage might not exist, including: the absence of proof that either Ms. Tinney or her vehicle were uninsured; the fact that the ATV might not qualify as an automobile; the absence of physical contact between the ATV and the phantom vehicle; and the delay in notice to Auto Owners of the accident and consequent prejudice to Auto Owners' subrogation rights. Auto Owners thereafter filed the present declaratory judgment action. Appellant counter-claimed with an action for bad faith.
The trial court decided the matter on cross-motions for summary judgment by the parties. The court found that Auto Owners was entitled to judgment as a matter of law on several grounds. The court held that appellant was precluded from making an uninsured motorist claim under the Auto Owners policy because she was not legally entitled to recover damages from any tortfeasor, having failed to file suit against any tortfeasor whose identity was known to her prior to the expiration of the statute of limitations. The court also found that the terms of the Auto Owners policy precluded recovery in the absence of physical contact between the phantom vehicle and the ATV on which decedent was riding. In addition, the court found that appellant had failed to provide notice of the uninsured motorist claim to Auto Owners "as soon as practicable," as required by the policy, and that Auto Owners was presumed to be prejudiced by this late notice. Additionally, the court found that the delay in presenting the claim had prejudiced Auto Owners' rights of subrogation, and that pursuant to the terms of the policy, Auto Owners could deny uninsured motorist coverage for this reason. Finally, the trial court ruled on appellant's counterclaim for bad faith, finding that Auto Owners had reasonable justification to seek declaratory judgment on its obligations under the policy.
Appellant has timely appealed and brings the following assignments of error:
 1. THE TRIAL COURT ERRED IN DENYING DEFENDANT, PAMELA K. ALLEN, ADMX'S MOTION FOR PARTIAL SUMMARY JUDGMENT.
 2. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN HOLDING[:]
 a. THAT FILING SUIT AGAINST A TORTFEASOR PRIOR TO THE EXPIRATION OF THE STATUTE OF LIMITATIONS IN TORT IS A PREREQUISITE TO RECOVERY OF UNINSURED MOTORIST BENFITS.
 b. IN MAKING AN INCONSISTENT HOLDING TO THE EXTENT THE ACCIDENT WAS CAUSED BY A "HIT AND RUN" MOTORIST AND THAT THERE WAS NO INDEPENDENT CORROBORATING EVIDENCE AND THAT A STATUTE OF LIMITATIONS HAD RUN AGAINST SUCH MOTORIST.
 c. THAT THE INSURER COULD ENFORCE POLICY CONDITIONS AFTER THE POLICY AMBIGUOUSLY TOLD A LAY PERSON THAT AN ATV WAS NOT COVERED AS AN AUTOMOBILE UNDER THE POLICY SO THAT THE INSURED HAD NO RIGHTS AND DUTIES UNDER THE POLICY.
 d. THAT THE "MAKING OF CLAIM" PROVISION IN THE POLICY WAS THE SAME AS A "NOTICE OF ACCIDENT" PROVISION AND ANY VIOLATION THEREOF WOULD RESULT IN A TERMINATION OF COVERAGE.
e. THAT THE SUBROGATION PROVISION WAS OPER-ATIVE.
 f. THAT THE SUBROGATION PROVISION WAS BREACHED WITHOUT ANY AFFIRMATIVE ACT BY PAMELA ALLEN.
 3. THE TRIAL COURT ERRED IN DISMISSING PAMELA ALLEN'S COUNTERCLAIM IN TORT FOR FAILURE TO ACT IN GOOD FAITH, AUTO-OWNER'S HAVING FAILED TO CONDUCT ANY FACTUAL INVESTIGATION OF THE CLAIM PRIOR TO ITS INSTITUTION OF SUIT, AS WELL AS ITS ASSERTION IN SUCH SUIT OF A MULTITUDE OF FRIVOLOUS LEGAL PROPOSITIONS.
Appellant's first and second assignments of error both address the propriety of granting summary judgment for Auto Owners, present interrelated issues, and will be addressed together. Initially, we note that the present matter was decided on summary judgment. Civ.R. 56(C) states that summary judgment shall be granted if:
 * * * [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. "The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial.
Appellate review of summary judgments is de novo. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588; Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. Dresher, supra; Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38.
We decide this case solely on the question of whether appellant provided adequately prompt notice to Auto Owners of her intent to seek uninsured motorist benefits. The policy contained the following notice provision:
 * * * NOTICE OF ACCIDENT, LOSS, CLAIM OR SUIT. Upon the occurrence of an accident or loss covered by this policy, except under Coverage D, the insured shall give immediate notice to the Company, or to its authorized agent. * * * With respect to Coverage D, as soon as practicable, the insured or other person making claim shall give to the Company written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable hereunder. The insured and every other person making claim hereunder shall submit to examinations under oath by any person named by the Company and subscribe the same, as often as may reasonably be required. * * *
The policy also contains the following provision addressing subrogation:
 * * * SUBROGATION. In the event of any payment under this policy, except under Coverages C.1 and C.2 of the Insuring Agreements, the Company shall be subrogated to all the insured's rights of recovery therefor and the insured shall execute all papers required and shall do everything that may be necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights.
In the present case, over five years had elapsed between the accident and the uninsured motorist claim brought by appellant. Over three and one-half years elapsed between the Ohio Supreme Court's decision in Girgis v. State Farm Mut. Auto. Ins. Co. (1996), 75 Ohio St.3d 302, which invalidated the requirement of physical contact by a hit-and-run driver as a prerequisite to uninsured motorist coverage, and arguably made recovery possible in this case based on the liability of the driver of the phantom vehicle. In Ormet Primary Aluminum Corp. v. Employers Ins. of Wausau (2000), 88 Ohio St.3d 292, a policy requirement that notice of a claim be made "as soon as practicable" was interpreted to mean that notice be given "within a reasonable time in light of the surrounding facts and circumstance." Id. at 303. Late notice creates a rebuttable presumption of prejudice to the insurer. Ruby v. Midwestern Indemn. Co. (1988), 40 Ohio St.3d 159; TIG Ins. Co. v. O.K. Freightways Inc. (Dec. 21, 2000), Franklin App. No. 00AP-350, unreported. The prejudice stemming from late notice includes depriving the insurer of the opportunity to investigate the accident, assess liability, and pursue avenues of subrogation. Auto Owners presented the testimony of its adjuster, Pete Sangos, who testified that when presented with a claim more than five years after the accident, he was unable to perform a reconstruction due to the passage of time. Potential witnesses, in particular the driver of the phantom vehicle, would have been impossible to locate. Since the ATV had not been preserved, there was no longer the opportunity for Auto Owners to examine it for defects and assess the viability of a subrogation action against the manufacturer on a product liability theory.
The determination of the impact of late notice to the insurer must be made on a case-by-case basis, and an unexcused significant delay may be unreasonable as a matter of law. Ormet, supra, at 300. In TIG Ins., this court found a delay of less than three years in informing the uninsurer of an accident was still unreasonable as a matter of law, creating a presumption of prejudice which the insured must rebut. Similarly, in Fillhart v. W. Res. Mut. Ins. Co. (1996),115 Ohio App.3d 200, a five year delay was found unreasonable. Destruction of an insurer's rights and possibilities of subrogation is a significant factor in assessing the prejudice of delay to an insurer. McDonald v. Republic-Franklin Inc. Co. (1989), 45 Ohio St.3d 27.
Based upon the facts of the case and the authorities cited above, we find that appellant's delay in presenting her uninsured motorist claim precludes recovery under the Auto Owners policy, because appellant has failed to rebut the presumption of prejudice to Auto Owners. We accordingly find that the trial court did not err in concluding that there remained no material issue of fact and that Auto Owners was entitled to summary judgment. Appellant's first and second assignments of error are accordingly overruled.
Appellant's third assignment of error asserts that the trial court erred in granting summary judgment for Auto Owners on appellant's bad faith counterclaim. This assignment of error is overruled on the basis of our resolution of appellant's first and second assignments of error which found that Auto Owners had grounds to seek declaratory judgment on the question of uninsured motorist coverage and, in fact, should prevail in that declaratory judgment action. Appellant's third assignment of error is accordingly overruled.
Based upon the foregoing, appellant's first, second, and third assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas granting summary judgment for Auto Owners Insurance Company is affirmed.
Judgment affirmed.
TYACK and BROWN, JJ., concur.