**NECKERMAN, Appellant,**

v.

**PROGRESSIVE INSURANCE AGENCY, Appellee.\***

[Cite as *Neckerman v. Progressive Ins. Agency* (1995), 103 Ohio App.3d 414.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940418.

Decided May 10, 1995.

---

\* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1995), 74 Ohio St.3d 1409, 655 N.E.2d 187.

*Arnzen, Parry & Wentz, P.S.C.,* and *Michael J. Schulte,* for appellant.

*Busald, Funk & Zeverly, P.S.C.,* and *William J. Kathman, Jr.,* for appellee.

_____

SHANNON, Judge.

Appellant was involved in an automobile accident with appellee's insured. Appellee denied its insured's claim under the policy and appellant sued the insured. Appellee was never notified of the lawsuit and, consequently, did not defend the suit. The insured entered into an agreed judgment with appellant, assigning his right to sue appellee for breach of contract and bad faith.

Appellant's sole assignment of error challenges the trial court's granting of summary judgment to appellee and the denial of his motion for summary judgment. Based upon our discussion below, we find appellant's argument to be without merit.

■ Our review of Ohio law concerning notification to an insurance company of any claim or suit by its insured demonstrates that if an insured fails to give timely notice of a possible claim as required by the insurance policy, the insurer is relieved of its obligations under the policy if the delay prejudices the insurer. *W. Am. Ins. Co. v. Hardin* (1989), 59 Ohio App.3d 71, 571 N.E.2d 449.

The Ohio Supreme Court has stated that:

"[I]t is extremely important to an insurance company, which assumes liability in case of accident, and reserves the right to defend or settle claims arising therefrom, that notice of such claim or suits instituted thereon should be served upon the company, in order that it may examine into the cause of the accident that it may determine whether liability exists on the part of the [insured]." *Heller v. Std. Acc. Ins. Co.* (1928), 118 Ohio St. 237, 242, 160 N.E. 707, 708.

■ The policy of insurance contained a clause which required the insured to notify appellee of any legal action in regard to the accident for which coverage was sought. There is a general presumption of prejudice when the notice requirement is not followed. *Patrick v. Auto–Owners Ins. Co.* (1982), 5 Ohio App.3d 118, 5 OBR 235, 449 N.E.2d 790; *Liberty Savs. Bank, F.S.B. v. Lawyers Title Ins. Corp.* (Dec. 31, 1990), Butler App.No. CA89–12–174, unreported, 1990 WL 235470. Because appellee was never notified of the underlying suit between appellant and its insured, we hold that appellee was prejudiced as a matter of law and, therefore, relieved of its obligations under the policy of insurance. Accord-

ingly, the trial court did not err in granting appellee's motion for summary judgment.

Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

SUNDERMANN, J., concurs.

MARIANNA BROWN BETTMAN, P.J., dissents.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.

MARIANNA BROWN BETTMAN, Presiding Judge, dissenting.

I would not allow the insurer the right to rely on the policy defense of failure of notification of suit against the insured in the underlying case of Neckerman against the insured when, after a complete investigation of the claim, ten months before suit was filed against the insured, the insurer denied coverage, with no reservation of rights and no explanation to the insured about what further was required of him.