[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} This is an appeal from the trial court's order (1) granting summary judgment to the defendant/third-party plaintiff-appellee, West American Insurance Company, on a third-party claim against the third-party defendant-appellant, State Automobile Mutual Insurance Company, and (2) overruling the latter's motion for declaratory judgment. The dispute concerned whether State Auto owed a duty to defend and indemnify the defendant, John Kanelopoulos, pursuant to a commercial automobile insurance policy.
{¶ 3} State Auto argues initially that the language of its policy expressly excluded coverage. The accident occurred when Kanelopoulos was driving a sports utility vehicle titled to his wife, plaintiff Christine Kanelopoulos, and their son, Dino Kanelopoulos. Both Christine and Dino were employees of P.J.'s Restaurant, and at the time of the accident all three Kanelopouloses were on their way to work. State Auto argues that, under the circumstances, the vehicle was a "borrowed" vehicle and therefore excluded from coverage under Symbol 9 of its policy. Under Symbol 9, only automobiles that the insured did not "own, lease, hire, rent or borrow" were covered.
{¶ 4} As both parties acknowledge, there is very little Ohio law regarding the meaning of the word "borrowed" under liability policies of insurance. The Tenth Appellate District has interpreted the word to mean that the borrower must not only receive some benefit from the use of the borrowed object, but must also exercise temporary physical possession, dominion, or control over it. Davis v. Continental Ins. Co. (1995),102 Ohio App.3d 82, 87, 656 N.E.2d 1005. Whether applying this definition or a common-sense meaning, we cannot agree that a person can be said to "borrow" a car just by driving it with the owner present. Certainly the average person would not consider that he has loaned his vehicle to another in such a situation. Whatever element of limited operational control is ceded to the driver is not the type of temporary possession one would associate with a borrowing. We agree, therefore, with West American that the only correct characterization of the accident is that John Kanelopoulos was "operating a car owned by his employee[s] and was using it for his personal business of driving himself and his wife to work."
{¶ 5} State Auto also argues that there was no coverage under the language of the Individual Named Insured endorsement to its policy. The endorsement excluded any automobile not owned by the insured if any family members owned the vehicle. While the endorsement appears to have been intended to address the situation here, West American correctly points out that the definition of "you" in the endorsement frustrated this construction since "you" was defined to include the person's spouse if a resident of the same household.
{¶ 6} Finally, State Auto claims that it was not timely notified of the accident. State Auto argues that no showing of prejudice was necessary. This argument is overruled upon the basis of our decision inNeckerman v. Progressive Ins. Agency (1995), 103 Ohio App.3d 414, 415,569 N.E.2d 843.
{¶ 7} Therefore, the judgment of the trial court is affirmed.
{¶ 8} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., GORMAN and WINKLER, JJ.