JUSTICE McKINNON,
specially concurring.
¶23 As I set forth in my concurrence and dissent in Estate of Gleason v. Central United Life Insurance, 2015 MT 140, ¶¶ 104-17, 379 Mont. 219, 350 P.3d 349 (McKinnon, J., concurring and dissenting) I agree generally with our adoption of the notice-prejudice rule. I have stated my reasons for doing so in Gleason and incorporate them here. Both contract and equitable principles support adoption of an alternative to the strict, traditional interpretation of notice provisions applied in our past decisions. If it were not for these principles, I would leave adoption of the notice-prejudice rule to the legislature.
¶24 I concur in the Court’s answer to the certified question as framed. I also concur in Justice Rice’s assessment that under the circumstances presented here, Atlantic has been prejudiced as a matter of law. During the course of litigation between GTL and Greytak, Greytak represented to the District Court that it was entitled to judgment in the amount of $624,685.14, pursuant to the settlement agreement. GTL did not respond, and judgment was entered (though subsequently set aside following amotion by Atlantic). Accordingly, like Justice Rice, I would hold that Atlantic was prejudiced as a matter of law. I would go further, however, and not limit application of this holding to the case at hand. As I stated in Gleason, ¶ 108 (McKinnon, J., concurring and dissenting), I would adopt a limited exception to the notice-prejudice rule providing that prejudice to the insurer will be presumed as a matter of law when an insured fails to notify the insurer of a pending lawsuit until after judgment has been entered.
¶25 We stray from those principles of contract and equity that supported our initial adoption of the notice-prejudice rule when we conclude that an insurer must demonstrate prejudice even after judgment against the insured has been entered. Such a conclusion is not supportable where the insurer has been deprived of all opportunity to defend, and the equitable reasons supporting a notice-prejudice rule are nonexistent. The mere entry of the adverse judgment is actual prejudice to the insurer. I would therefore hold, as a significant number of courts in other states have, that as a matter of law the insurer has been prejudiced where it has been deprived of all opportunity to defend. In those cases where an insured fails to notify *341 the insurer of a pending lawsuit until after a judgment has been entered, prejudice exists as a matter of law.
¶26 The reasoning behind the inapplicability of the notice-prejudice rule in such circumstances is that the insured has presented the insurer with a fait accompli by delaying notice until after judgment. The delay renders completely ineffective the purpose of the contractual notice requirement, as the insurer cannot exercise any of its rights to investigate, defend, control, or settle the suit. Where the insurer has not been notified of a pending claim until after judgment, it is deprived of the benefit of a material term of the contract, and thereby prejudiced because it is not able to investigate the allegations, locate witnesses, appoint counsel of its choice, negotiate a settlement, or develop its own trial strategy.
¶27 There are a substantial number of cases from courts around the country that hold prejudice exists as a matter of law where an insurer has not been notified prior to settlement of a claim. See Allstate Ins. Co. v. Occidental Intl., Inc., 140 F.3d 1, 5-6 (1st Cir. 1998) (holding ■under Puerto Rican law that the insurer was prejudiced as a matter of law when it received notice after the judgment because the insurer was deprived of the ability to investigate, locate witnesses, appoint counsel, negotiate a settlement, and develop a trial strategy); Navigazione Alta Italia v. Columbia Cas. Co., 256 F.2d 26, 29 (5th Cir. 1958) (affirming the dismissal of the suit by the insured against the insurer because by “depriving the insurer... of all opportunity to defend against the claim, and thus completely abrogating its contract, the insured presents it with a fait accompli in the form of a final and satisfied judgment...”); Champion v. S. Gen. Ins. Co., 401 S.E.2d 36, 38-39 (Ga. Ct. App. 1990) (holding insurer showed prejudice when it established that it received no notice until after a default judgment because it was denied all opportunity to engage in discovery, conduct a defense at trial, and negotiate a settlement); Allstate Ins. Co. v. Kepchar, 592 N.E.2d 694, 699-700 (Ind. Ct. App. 1992) (holding prejudice established as matter of law where insurer received no notice of accident or suit until more than a year after trial); Prince George’s County v. Local Govt. Ins. Trust, 879 A.2d 81, 100 (Md. Ct. Spec. App. 2005) (holding “the Trust was prejudiced as a matter of law when the County failed to notify the Trust of the incident, claim, and lawsuit until after an adverse judgment was entered.”); Lusalon, Inc. v. Hartford Accident & Indem. Co., 498 N.E.2d 1373, 1375 (Mass. App. Ct. 1986) (holding the failure of an insured to notify the insurer until after judgment was prejudicial as a matter of law), affd on other grounds, 511 N.E.2d 595 (Mass. *342 1987); Hooper v. Zurich Am. Ins. Co., 552 N.W.2d 31, 36-37 (Minn. Ct. App. 1996) (holding as a matter of law that the insurer was prejudiced when the insured failed to notify it before an adverse judgment in one suit and a settlement in another); Neckerman v. Progressive Ins. Agency, 659 N.E.2d 843, 844 (Ohio Ct. App. 1995) (holding insurer was prejudiced as a matter of law because it was never notified of the lawsuit); Metal Bank of Am., Inc. v. Ins. Co. of N. Am., 520 A.2d 493, 498 (Pa. Super. Ct. 1987) (holding as a matter of law that insurers were prejudiced when the insured notified the insurers of the suit after settlement because the insurers were presented with a fait accompli and were denied an opportunity to gain early control of the proceedings and to investigate); Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 174 (Tex. 1995) (holding failure to notify an insurer of a judgment prejudiced the insurer as a matter of law because the insurer could not defend the insured and minimize liability); Nw. Prosthetic & Orthotic Clinic, Inc. v. Centennial Ins. Co., 997 P.2d 972, 973 (Wash. Ct. App. 2000) (holding summary judgment was appropriate when the insured failed to notify the insurer before the insured settled because the insurer did not have a meaningful opportunity to investigate); Gerrard Realty Corp. v. Am. States Ins. Co., 277 N.W.2d 863, 871 (Wis. 1979) (holding as a matter of law that the insurer was prejudiced by not receiving notice until after trial because the insurer was denied the opportunity to investigate, defend, or settle); cf. Colonial Gas Energy Sys. v. Unigard Mut. Ins. Co., 441 F. Supp. 765, 770-71 (N.D. Cal. 1977) (holding insurer was prejudiced as a matter of law when insured notified it of a loss from a leaking gas tank only after it had repaired and resealed the tank, precluding investigation of the leak by the insurer).
¶28 The failure here consists of a total, absolute, and final failure to give notice, a failure completely fatal to the insurer and in undoubted breach of the insurance contract. Here, by its failure to comply with the conditions of the policy, Greytak has deprived Atlantic of all opportunity to defend against the claim, and thus presents the insurer with a fait accompli in the form of a judgment obtained in a suit in the defense of which the insurer has been deprived of all effective part. It is frankly difficult to imagine how Atlantic could have suffered greater prejudice from the clear breach of its contractual right to prompt *343 notice.[1]
¶29 The notice-prejudice rule is an equitable remedy that allows an insured to escape the harsh outcome of a complete forfeiture of coverage, for which consideration has been paid, where there has been no prejudice to the insurer. The notice-prejudice rule does not rewrite the insurance contract. It is recognition that in certain situations, strict adherence to terms of the contract would produce an inequitable result and a windfall to the insurer. Our consideration of the equities is heightened given the unequal bargaining position of the parties to an insurance contract, which is not a negotiated agreement. Where, as here, GTL and Greytak have secretly negotiated a settlement and attempted to have judgment entered in order to avail themselves of favorable UTPA jurisprudence from this Court, the equitable purposes of the notice-prejudice rule do not exist. Instead, the notice-prejudice rule serves to unfairly disadvantage a party in the litigation of their contractual rights.
¶30 As set forth in the special concurrence of Justice Rice, “GTL’s violation was not ‘technical.’ It was contrived in order to prejudice Atlantic, which it clearly did.” Opinion, ¶ 21 (Rice, J., specially concurring). Here, Greytak sued GTL without notice to Atlantic, engaged in litigation for a year or longer without notice to Atlantic, excluded Atlantic from mediation and any negotiation regarding the claims, settled claims secretly upon terms that impeded Atlantic’s investigation and defense, and manipulated circumstances to build a claim of bad faith against Atlantic.
¶31 I would hold that, as a matter of law, Greytak cannot avail itself of the notice-prejudice rule. In those cases where an insured fails to notify the insurer of a pending lawsuit against him until after settlement of their claim, I would hold that prejudice exists as a matter of law.

 As I state in Gleason, ¶ 114 (McKinnon, J., concurring and dissenting), I would impose a requirement that the insured, for the period of delay beyond the limits of timeliness, show that he or she was acting in good faith and that the delay was not purposeful. Equity dictates that a bad-faith delay in notifying an insurer, even though no material prejudice results, should be considered when deciding whether the policy should be enforced. Here, it is unlikely that Greytak could withstand such a factual inquiry. Moreover, such an inquiry would be unnecessary if this Court were to adopt an exception to the notice-prejudice rule where a judgment has been entered.